## ELLIS ROBERTSON v. THE STATE.

### No. 3547. Decided May 22, 1907.

#### 1.—Rape—Demurrer to Evidence—Female Under Age of Consent.

Where upon trial for rape, there was no controversy that the defendant had carnal intercourse with a female under the age of consent, the court correctly refused to instruct the jury to acquit.

#### 2.—Same—Charge of Court—Date of Offense Alleged in Indictment.

Where upon trial for rape, the evidence showed but one act of carnal intercourse, there was no error in the court's charge that if the defendant at any time within one year before the presentment of the indictment in the case had carnal knowledge of the prosecutrix to find him guilty; and the question of another indictment pending which alleged a different date but which was not in evidence, was not in the case.

#### 3.—Same—Defendant's Belief of the Age of Prosecutrix.

Upon trial for rape the defendant could not justify his act by proof that he believed that the female was over 15 years of age at the time he had carnal intercourse with her.

#### 4.—Same—Argument of Counsel—Special Charge Necessary.

Upon trial for rape where no special charge was requested to expunge objectionable argument of State counsel, and such argument was not itself of such character as required a reversal, there was no error.

Appeal from the District Court of Travis. Tried below before the Hon. Geo. Calhoun.

Appeal from a conviction of rape; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

*A. S. Phelps,* for appellant.—At the time this case was tried there was another case pending against defendant charging him with rape of Savannah Perry on the 11th day of May, 1906; which has never been dismissed and is still on the docket and still pending. Price v. State, 36 Texas Crim. Rep., 146; Gazley v. State, 17 Texas Crim. App., 277; Rhea v. State, 30 Texas Crim. App., 486; Kennon v. State, 42 S. W. Rep., 379; Ramsey v. State, 63 S. W. Rep., 875; Davis v. State, 42 Texas, 226.

F. J. McCord, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for rape. When the testimony was closed appellant requested the court to instruct the jury to acquit: The court's refusal to do so is assigned as error. The court's action was correct. The evidence for the State discloses that the girl had run away from home during the day because her mother had threatened to whip her, and had gone to a neighbor's by the name of Walker about a mile and a half or two miles from home. Appellant was sent after her; he overtook her and delivered the message of her mother to return, but advised her not to do so. Prosecutrix, as before stated, took refuge in the residence of Walker. That night about 9 o'clock appellant went to the residence of Walker and called the girl to the door, and told her that her mother had sent him for her; he induced her to return home, as she thought. When she left Walker's house in obedience to the request of appellant, he took her off the road and some 300 yards from Walker's had intercourse with her over her protest. Appellant's statement is that he went for the girl, as stated by the girl, and when they started home from Walker's house the girl intimated to him that she would like to have him have intercourse with her, and that it was at her instigation really and not by any force that the intercourse was had. The girl was 14 years old on the 6th of May. The intercourse should have occurred on the night of the 10th or 11th of May. Under this state of the record both from appellant and the State's theory, he was clearly guilty of violating the statute, which prohibits intercourse with a girl under 15 years of age. Under the terms of the statute it is wholly immaterial whether the intercourse was had with or without consent and with or without force. The State's case could be predicated alone upon his testimony so far as the act of intercourse is concerned.

It is contended the court erred in charging the jury as follows: "If the jury believe from the evidence, beyond a reasonable doubt, that at any time within one year before the presentment of this indictment in this case, to wit: the 21st day of September, 1906, the defendant had carnal knowledge of said Savannah Perry, you will find the defendant guilty." The reason assigned is that the indictment alleges that the offense was committed on or about the 10th of May, 1906, and it was error to charge that the defendant could be convicted of an offense at a day subsequent to the time in the indictment alleged, and further because there was another case pending against the defendant upon the same party for a similar offense, and it is charged in the indictment in said case that said defendant had carnal knowledge of the said Savannah Perry on or about the 11th day of May, 1906. The record discloses that the question of second indictment was brought in the case after conviction. There was nothing said in the testimony during the trial, as we understand the record, in regard to the second indictment for rape. Appellant's theory seems to be that because there were two indictments,

one charging rape on the 10th, and the other on the 11th of May, that it would be error for the court to charge the jury that they could convict appellant for any offense committed within twelve months prior to the presentment of the indictment.  If the State had offered evidence of two distinct transactions, the appellant could have required the prosecution to have elected upon which they would ask a conviction, but the case does not present itself in this wise; there was no evidence introduced but as to one act of intercourse.  Upon the trial under the other indictment appellant could take advantage of whatever rights may accrue to him so as to protect himself against a second conviction, and if by reason of the charge given in this case any question of jeopardy should arise, that could be urged under the trial of the other indictment.  We are not discussing any features of future trials or intending to be understood as deciding or intimating what might or might not be the result upon another trial, if one should occur under that indictment, but we do hold that as this case is presented under the facts above stated, the charge of the court was not erroneous.  Appellant testified that he was informed by the mother of the prosecutrix, in the presence of the prosecutrix, prior to the act of intercourse, that the prosecutrix was over 15 years of age.  This was testified by appellant while on the stand. In this connection the court gave this charge: "If the jury believe from the evidence in this case, that at the time the witness, Savannah Perry, testified that the defendant had carnal knowledge of her, she, the said witness Savannah Perry, was 15 years of age or over, or if the jury have a reasonable doubt as to said fact, then they will acquit the defendant, and say by their verdict not guilty."  Exception was reserved to this because the court did not go farther and instruct the jury that if they believe from the evidence that at the time appellant should have had connection with the said Savannah Perry he believed or had reason to believe from the size and appearance of said Savannah Perry, and the information that he had, if any, as to her age, that she was 15 years of age or over at the time of said carnal knowledge, they will acquit.  The decisions in this State do not support this contention of appellant.  The court properly charged the jury in regard to the testimony of appellant, and, in our judgment, fully favorable to him.  Under the decisions in this State a person accused of rape on a girl under 15 years of age cannot justify his act by proof that he believed the girl was over 15 years of age.  The decisions in Texas are uniform on this proposition.

There are several exceptions reserved to the argument of the attorney prosecuting.  We are of opinion that the matters stated by the prosecuting attorney were legitimate.  While some of them were a little vigorous in denouncing appellant for his act, still they were not of that character that requires the court to reverse.  No special charges were requested, and as the matters are presented, they are not of sufficient importance to require a reversal of the judgment.  See House v. State, 19 Texas Crim. App., 227.

As the case is presented, we find no errors of sufficient importance to require a reversal, and the judgment is, therefore, affirmed.

*Affirmed.*

Brooks, Judge, absent.