## NEAL MARTIN v. THE STATE.

No. 3046. Decided March 18, 1914.

Rehearing denied April 15, 1914.

**1.—Rape—Sufficiency of the Evidence—Trial Judges.**

Where, upon trial of rape, the evidence, though conflicting, supported the conviction, there was no reversible error. See opinion for an expression of confidence in trial judges.

**2.—Same—Charge of Court—Age of Prosecutrix—Mistake of Defendant.**

Upon trial of rape on a female under the age of consent, there was no error in refusing a requested charge that if defendant was laboring under a mistake as to the age of the prosecutrix and that he honestly believed she was over fifteen years of age at the time to acquit him. Following Robertson v. State, 51 Texas Crim. Rep., 493.

**3.—Same—Charge of Court—Age of Prosecutrix.**

Where, upon trial of rape on a female under the age of consent, the court instructed the jury that the defendant must have had actual carnal knowledge of said female and that she was under the age of fifteen at the time, and in the event of a reasonable doubt in either case, to acquit, there was no error.

**4.—Same—Age of Prosecutrix—Mistake of Fact.**

Where, upon trial of rape upon a female under the age of consent, the court properly submitted the issue of the age of prosecutrix in a proper charge to the jury, and there was no evidence that would bring defendant within the provisions of section 47, Penal Code, with reference to a mistake of fact which would excuse him, there was no error in refusing to submit a charge upon this question.

Appeal from the District Court of Travis. Tried below before the Hon. George Calhoun.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*E. T. Moore* and *Charles Rogan,* for appellant.—If the conditions and surroundings be such as would honestly mislead a person in doing an act that would otherwise be a crime, such person would be guilty of no offense: Jackson v. State, 47 Texas Crim. Rep., 85; Mayne v. State, 48 id., 93; Uloth v. State, 48 id., 295; Walker v. State, 50 id., 495; Byrd v. State, 51 id., 539.

*C. E. Lane,* Assistant Attorney General, for the State.—On question of mistake of fact: Campbell v. State, 63 Texas Crim. Rep., 595; Robertson v. State, 51 id., 493.

HARPER, JUDGE.—Appellant was prosecuted and convicted of statutory rape, and his punishment assessed at five years confinement in the penitentiary.

Appellant shows that prior to being charged with this offense he bore a good reputation as a peaceable law-abiding citizen. He also introduced

some testimony tending to show that he was impotent, and it was, therefore, impossible for him to have committed this offense. However, the girl swears positively to several acts of intercourse, and the jury evidently believed her, and the testimony offered in behalf of the State. Appellant introduced many circumstances tending to render the testimony of the girl incredible, yet in spite of all this testimony the jury finds she was telling the truth—that appellant did have intercourse with her. The district judge who tried this case refused to disturb their verdict, and shall we, who did not hear the testimony as delivered, see the witnesses, nor their manner of testifying, hold that the jury and trial court were in error in giving credence to her testimony? If it was unreasonable, or if it did not make a case, we would not permit the verdict to stand, but the facts as detailed by her make a case, and other circumstances corroborate her, and we do not feel authorized to disturb the judgment. While quite a severe arraignment of district judges in general was made in the argument, yet they, like ourselves, are sworn officers of the law, and it is their, as well as our duty to see that no unjust judgment is permitted against any citizen of this State. We have implicit faith and confidence in the trial judges, and that they will do their duty, and we always give great weight to their action in a matter of this kind, and feel that in doing so, we are but following the plain intent of the law. They feel their responsibilities, as we do ours, and will protect the innocent as well as punish the guilty. The contention that the evidence is insufficient, and for this reason the judgment should be reversed, can not be sustained.

The only other contention that need be discussed is that the court erred in failing to charge the jury as follows at the request of appellant:

"That if Richetta Coleman was under 15 years of age at the time of the act, such act was unlawful whether done with or without her consent, unless you believe from the testimony that the defendant at the time was laboring under a mistake as to a particular which would excuse him in law had such fact existed, towit: as to the age of the said Richetta Coleman. That is, as to said Richetta Coleman being over the age of 15 years at the time of the act. According to the law, if a person laboring under a mistake as to a particular fact, shall do an act which would otherwise be criminal, he is guilty of no offense, if the fact about which he conjectured and was mistaken would have excused him had such fact existed as believed.

"Now, if you believe from the evidence in this case that the defendant had carnal intercourse with Richetta Coleman, and that she was under 15 years of age at the time, but that she was willing and consented to such act; and if you further believe that the defendant honestly conjectured and believed that she was over fifteen years of age at the time, you can not convict him, but must acquit him, provided you further believe that such mistake did not arise from want of proper care on his part."

This question has been decided adversely to appellant's contention. (Robertson v. State, 51 Texas Crim. Rep., 493.)

The court instructed the jury: "Unless the jury believe from the evidence beyond a reasonable doubt that the defendant, Neal Martin, had actual carnal knowledge of the said Richetta Coleman, as hereinbefore explained and defined, they will acquit the defendant.

"If the jury believe from the evidence beyond a reasonable doubt that the defendant, Neal Martin, had carnal knowledge of the said Richetta Coleman, but have a reasonable doubt as to whether or not at the time he had carnal knowledge (if he did have such carnal knowledge) she was under the age of fifteen years, then they will acquit the defendant." The evidence shows that appellant had known the prosecuting witness from her birth up to the present time. He testified she was over fifteen years of age, as did several other witnesses. This was an issue that was properly submitted to the jury, and they find against such contention. There is no evidence that would bring appellant within the provisions of sec. 47 of the Penal Code, for by the evidence, the only issue raised was whether or not she was under or over fifteen years of age, and there is no testimony that if she was under fifteen years of age, appellant had used any diligence or care to ascertain that fact.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 15, 1914.—Reporter.]